UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DISABLED PATRIOTS OF AMERICA, INC.,** *et al.*, | : | Case No. 07-CV-713 |
| **Plaintiffs,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **RESERVE HOTEL, LTD.,** *et al.*, | : | <u>MEMORANDUM & ORDER</u> |
| **Defendants.** | : | |

Before the Court is *Defendants' Motion for Reconsideration and to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) and to Stay Enforcement of Judgment* ("Motion for Reconsideration"), filed by the Defendants, Reserve Hotel, Ltd. ("Reserve") and Hotel at Reserve Square, Ltd. ("Hotel") (collectively, "the Defendants"). (Doc. 57.) The Motion for Reconsideration requests that the Court reconsider its Order of August 20, 2009 awarding attorneys' fees and costs to the Plaintiffs, the Disabled Patriots of America, Inc. ("the Disabled Patriots") and Derek Mortland (collectively, "the Plaintiffs"). The Defendants' Motion for Reconsideration is based on the facts and claims at issue in *Kramer, et al. v. Midamco, Inc.*, No. 1:07cv3164 (N.D. Ohio) (Nugent, J.), an action presently pending in the Northern District of Ohio involving the Disabled Patriots and the Plaintiffs' expert in this case, David Pedraza ("Pedraza"). After full consideration of the parties' briefs and arguments, the Defendants' Motion for Reconsideration is **DENIED**, and the Court **ORDERS** the Defendants to pay the Plaintiffs $69,317.29, plus interest at the statutory rate from August 20, 2009, due and owing immediately.

I. **BACKGROUND**

The factual and procedural history of this Americans With Disabilities Act ("ADA") case is set forth in detail in the Court's Order of August 20, 2009 (Doc. 56), and will not be repeated here. In that Order, the Court considered the Plaintiffs' request for an award of statutory attorneys' fees and costs and found that the Plaintiffs were entitled to an award of $69,317.29. In so holding, the Court addressed each of the Defendants' objections to a fee award, and to the amount of the award requested. In fact, the Court did not award the Plaintiffs the requested amount, but reduced the award based on a number of considerations appropriate to an award of fees and costs in an ADA action.

The Defendants' Motion for Reconsideration challenges the propriety of the Court's award on the grounds that counterclaims in *Midamco*, alleging that the Disabled Patriots and expert David Pedraza filed *that* lawsuit for an improper purpose, indicate a *modus operandi* suggesting foul play in *this* case as well. It is undisputed that *Midamco* is a separate and independent case presently pending before Judge Donald C. Nugent. The Defendants request that the Court vacate its fee award and/or stay enforcement of its judgment pending the resolution of the counterclaims in *Midamco*. Specifically, the Defendants present the following three arguments in support of their Rule 59(e) Motion for Reconsideration:

(1) That this Court did not consider the discrepancies between Pedraza's pre-suit investigation report regarding suspected ADA violations at the Defendants' property and his second Rule 34 investigation report. The second report reflected a more thorough inspection of the property and did not include all of the suspected violations listed in the pre-suit investigation report, which suggests that, as in *Midamco*, the pre-suit investigation report may have included fabricated violations.

(2) That this Court ignored the fact that the Plaintiffs over-estimated the potential cost of litigating this lawsuit in their Notice of Filing Other Directives (Doc. 5) and Amended Notice of Filing Other Directives (Doc. 12). They contend that over-

>
> estimating the cost of the lawsuit was part of an improper effort to inflate the potential recovery of attorneys' fees and evidence the same kind of fraudulent scheme alleged in *Midamco*.
>
> (3) That the counterclaims in the *Midamco* case, in conjunction with arguments one and two above, indicate that the Disabled Patriots are illegitimate ADA plaintiffs engaged in a coordinated fraudulent scheme with Pedraza to illegally coerce exorbitant attorneys' fees from defendant property owners without regard to the procedural requirements of the ADA.

(Doc. 57-1 at 1-3.) The Defendants argue that relief is appropriate under Rule 59(e) of the Federal Rules of Civil Procedure because it is required "to prevent manifest injustice." (*Id*. at 3.)

In response, the Plaintiffs refer to portions of this Court's August 20, 2009 Order addressing the Defendants' arguments and point to numerous distinctions between this case and *Midamco*. The Plaintiffs acknowledge that the Disabled Patriots and Pedraza are involved in both lawsuits, but contend that the similarities between the cases end there. They distinguish *Midamco* as follows:

> (1) The substantive claims in this case were resolved by virtue of a settlement agreement negotiated between the parties; in *Midamco*, the defendant challenged the substantive claims and they were dismissed by the Court.
>
> (2) Derek Mortland is the individual plaintiff in this case, not Bonnie Kramer, the individual plaintiff accused of wrongdoing in *Midamco*. The fact that Bonnie Kramer may have engaged in foul play should not be imputed to Derek Mortland and there is no evidence that Mortland engaged in foul play – in fact, while there was evidence that Kramer falsely testified that she visited the subject property in *Midamco*, Mortland produced a receipt for his stay at the Defendants hotel.
>
> (3) The Plaintiffs' attorneys in this case – Lawrence Fuller and his law firm – are not involved in the *Midamco* case in any way.

(Doc. 58.) In addition, the Plaintiffs note that the Court discussed and rejected the Defendants' arguments regarding discrepancies between Pedraza's two reports at page 12 of the August 20, 2009 Order. (*Id*.)

-3-

## II. DISCUSSION

Rule 59(e) may be used to alter or amend a judgment in order to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006). It is well-established in the Sixth Circuit, however, that a Rule 59(e) motion is "not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'n of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008). Whether to grant or deny a Rule 59(e) motion is within the discretionary authority of this Court. *See Gen Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir.1999).

Here, the Defendants' essentially argue that enforcement of the fee award in this case is manifestly unjust in light of the claims in *Midamco* asserting that the Disabled Patriots and Pedraza engaged in a fraudulent scheme to obtain attorneys fees in an ADA case. This argument is flawed for several reasons. Although there are undeniable similarities between this case and *Midamco* – i.e., both are ADA lawsuits involving the Disabled Patriots and Pedraza – the Court finds the *differences* between the cases controlling.

First, as the Plaintiffs have noted, the parties negotiated a settlement resolving the substantive aspects of the case. That settlement agreement, moreover, expressly provides that the Plaintiffs are entitled to attorneys' fees in "some amount," to be determined by the Court. (Doc. 48 ¶ 14.) In fact, in its Order of August 20, 2009 awarding attorneys' fees and costs to the Plaintiffs, the Court specifically rejected the argument that the Defendants had the right to resist <u>all</u> fees and found that they had simply reserved the right to present arguments regarding the appropriate <u>amount</u> of fees. (Doc. 56 at 3.) Far from settling the case, the defendants in *Midamco* filed counterclaims, dispositive motions, and are taking the case to trial. This is a dramatic and meaningful distinction

in the context of the motion before the Court, which is essentially asking the Court to undo certain aspects of the agreement resolving the case that the parties freely negotiated.

Second, there is no evidence of foul play on the part of individual Plaintiff Mortland or the Plaintiffs' attorneys. Based on the facts and circumstances of this case (again, a case undisputedly separate and independent from the *Midamco* case), the mere suggestion of a fraudulent *modus operandi* by the Disabled Patriots and Pedraza is not sufficient to establish that enforcing the Court's fee award would be manifestly unjust.

Third, in the August 20, 2009 Order, the Court specifically addressed the Defendants' contentions with respect to discrepancies in Pedraza's pre-suit investigation report and Rule 34 investigation report as well as the Plaintiffs' estimates concerning the potential cost of litigating this case. (Doc. 56 at 11-12, 14-15.) The Court recognizes that the Defendants are now re-asserting these arguments in light of *Midamco* to make the further point that the discrepancies in the reports and the inaccurate estimates are evidence of an improper *modus operandi*, rather than an isolated incident. The Court is not persuaded by this argument, however, because, for the reasons discussed in the August 20, 2009 Order, the Plaintiffs' explanations of the discrepancies and cost-estimates make sense in the context of *this* case, and, as the Plaintiffs correctly note in their brief, the circumstances of *Midamco* are patently distinguishable from this case. The Court will not rely on such weak circumstantial evidence of a *modus operandi* to condemn the conduct of the Plaintiffs and their attorneys in *this* case when there is no evidence that Mortland or his attorneys actually engaged in the type of conduct alleged in *Midamco*.[1] Accordingly, the Court rejects the Defendants'

---

[1] The Plaintiffs argue in their reply brief that: "although the named plaintiffs and attorneys of record appear to be interchangeable parts in the alleged [fraudulent] system, Disabled Patriots and Mr. Pedraza are not so interchangeable. Indeed, they initiate every one of Disabled Patriots' lawsuits." (Doc. 59 at 6.) While it may be true that the Disabled Patriots use

arguments with respect to discrepancies and cost-estimates.

### III.  CONCLUSION

For the foregoing reasons, the Defendants' *Motion for Reconsideration and to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) and to Stay Enforcement of Judgment* (Doc. 57) is **DENIED**.[2]  Further, the Court **ORDERS** the Defendants to pay the Plaintiffs the fees and costs awarded in the August 20, 2009 Order ($69,317.29, plus interest at the statutory rate from August 20, 2009).  This amount is due and owing immediately.[3]

**IT IS SO ORDERED.**

                                             s/Kathleen M. O'Malley
                                             **KATHLEEN McDONALD O'MALLEY**
                                             **UNITED STATES DISTRICT JUDGE**

Dated: January 6, 2010

---

Pedraza in every lawsuit they file, it does not follow that each of those lawsuits is part of a fraudulent scheme and, moreover, that the Disabled Patriots and Pedraza's mere presence in this lawsuit is sufficient to serve as the basis of depriving the Plaintiffs in this case of the fees and costs awarded by the Court in the August 20, 2009 Order.  Indeed, it is this unfair and unproven assumption at the heart of the Defendants Motion for Reconsideration that the Court rejects.

[2] To the extent the Defendants' request to stay the enforcement of the judgment in this case until the resolution of *Midamco* is separate from their Rule 59(e) motion, it is denied for the reasons discussed above with respect to the Rule 59(e) motion.

[3] In connection with the Defendants' Motion for Reconsideration, the Plaintiffs filed a motion for entry of judgment. (Doc. 60.)  In light of this Order resolving the Defendants' Motion for Reconsideration and ordering the Defendants to make the payment provided for in the Court's August 20, 2009 Order immediately, the Plaintiffs' motion for entry of judgment (Doc. 60) is **TERMED as moot**.  Further, the Court notes that it entered final judgment dismissing this case on August 20, 2008 when it issued the Order granting the parties' motion for stipulated dismissal of the case. (Doc. 44.)  As stated in that Order, the Court "dismiss[ed] the case, while maintaining jurisdiction to enforce the Settlement Agreement reached by the parties and to determine the amount of Plaintiffs' attorneys fees, costs, and expert fees." (*Id*.)  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the August 20, 2009 Order awarding fees and costs was a judgment.